UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| INGRID & ISABEL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | Case No. 18-cv-00408-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S EX PARTE MOTION TO TAKE EARLY DISCOVERY**<br><br>Re: ECF No. 7 |

## INTRODUCTION

The plaintiff Ingrid & Isabel, LLC own the patents for a maternity garment known as the "Bellaband."[1] It alleges that the Doe defendants are manufacturing and selling garments through third-party resellers and social media ads that infringe the plaintiff's patents.[2] Despite its own efforts, the plaintiff has not been able to identify the individuals manufacturing or selling the garments.[3] The plaintiff now asks the court to let it serve a subpoena on non-party Amazon — a

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 2–3). Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 8 (¶ 20).

[3] *Id.* at 9 (¶ 27).

ORDER – No. 18-cv-00408-LB

third-party platform the Doe defendants are using to sell allegedly infringing products — to learn the Doe defendants' identity.[4]

As discussed below, the plaintiff has demonstrated the following: (1) the Doe defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe defendants; (3) its claims could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoena on Amazon will lead to information identifying the Doe defendants. The court therefore finds that good cause exists to allow the plaintiff to engage in this preliminary discovery.

The court, however, limits the scope of the proposed subpoena on Amazon to allow the plaintiff to request only what is reasonably needed to discover the identities of the individuals selling two specific products listed for sale on Amazon that the plaintiffs have identified as allegedly infringing on their patents. Accordingly, the court grants and part and denies in part the plaintiff's motion.

## STATEMENT

The plaintiff is the owner of two patents related to its "Bellaband" maternity garment.[5] The Doe defendants are distributing or selling products that allegedly infringe both of the plaintiff's patents.[6] The Doe defendants do not have authorization or a license to sell the allegedly infringing products.[7] The products are also "confusingly similar" to the plaintiff's Bellaband.[8] These products include but are "not limited to" products sold as the "Womens Maternity Belly Band Seamless Everyday Support Bands for Pregnancy" and "Womens Maternity Belly Band Seamless

---

[4] Ex Parte Application for an Order Allowing Expedited Discovery ("Ex Parte Application") – ECF No. 7 at 2. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[5] Compl. – ECF No. 1 at 1, 4 (¶ 2, 13–14).

[6] *Id.* at 3 (¶ 11).

[7] *Id.* at 9 (¶ 26).

[8] *Id.* at 2 (¶ 3).

Everyday Support Bands, Non-slip for Before&After Baby."[9] The Doe defendants sell the products "through third-party resellers and social media ads."[10]

The plaintiffs allege "on information and belief" that the defendants "manufacture, distribute, advertise, sell and offer for sale" their products to residents of this district[11] and have collected California sales tax on the sale of the products.[12]

The plaintiffs sent "multiple letters to the listed sellers of the products" as well as "multiple requests for information to the third party websites" to ascertain the Doe defendants' identities.[13] The listed sellers did not respond, and they received "no further" information about the Doe defendants' identities from the third-party websites.[14]

The plaintiff "identified what seemed to be several infirming products being sold through Amazon."[15] They "ordered samples of these products and had them analyzed to determine whether or not they infringed [the plaintiff's] patents" and "determined that the products did infringe."[16] The plaintiff tried to identify the individuals manufacturing and selling these products through "extensive searches on various platforms."[17]

The plaintiff filed a complaint against the Doe defendants alleging one claim for patent infringement under 35 U.S.C. § 271 and one claim for unfair competition under California common law.[18]

The plaintiff then filed an ex parte motion asking the court to allow it to serve Amazon with a subpoena under Federal Rule of Civil Procedure 45.[19] Two exhibits to the subpoena (Ex. B, C)

---

[9] *Id.* at 4 (¶ 15).
[10] *Id.* at 8 (¶ 20).
[11] *Id.* at 9 (¶ 25).
[12] *Id.* at 2 (¶ 6).
[13] *Id.* (¶ 27)
[14] *Id.*
[15] Ex Parte Application – ECF No. 7 at 2.
[16] *Id.*
[17] *Id.* at 2–3; Hoopes Decl. – ECF No. 8 at 2–6 (¶¶ 6–32).
[18] Compl. – ECF No. 1 at 9–10 (¶¶ 28–35).
[19] *See generally* Ex Parte Application – ECF No. 7.

identify specific items listed for sale on Amazon that the plaintiffs allege infringe its patents.[20] The subpoena asks Amazon to produce:

> 1) All documents containing information sufficient to identify with specificity the sellers and manufacturers, if not the same individual/company, of the infringing products documented in Exhibits B and C to the attached Subpoena to Produce Documents, Information or Objects ("Subpoena"), including, but not limited to, their names, addresses, and contact information.
>
> 2) All documents containing information sufficient to identify with specificity all additional sellers and manufacturers of the infringing products that Amazon promotes as "Maternity Belly Bands" that are not manufactured by Ingrid & Isabel, LLC., including, but not limited to, the manufacturers' names, addresses, and contact information
>
> 3) All documents reflecting any transactions processed by Amazon on behalf of sellers of the infringing products that Amazon promotes as "Maternity Belly Bands," including but not limited to the sellers of the infringing products documented in Exhibits B and C to the attached Subpoena, including revenue from these infringing products.[21]

## GOVERNING LAW

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g., IO Grp., Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe

---

[20] Proposed Subpoena, Exs. B, C – ECF No. 9 at 5–12.
[21] *Id.* at 4.

defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

## ANALYSIS

### 1. The Plaintiff Establishes Good Cause for Early Discovery

The plaintiff has made a sufficient showing under each of the four *seescandy* factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, the plaintiff has identified the Doe defendants with sufficient specificity that the court can determine that they are real people who may be subject to jurisdiction in this court. The Doe defendants are posting products for sale on Amazon and shipping products to customers, indicating that they are actual people.[22] The plaintiff alleges that the Doe defendants are selling products to residents of California and paying California sales tax.[23] By selling allegedly infringing products to residents of California, the Doe defendants may be subject to jurisdiction in this court. *See Beverly Hills Fan Co. c. Royal Sovereign Corp.*, 21 F.3d 1558, 1568–70 (Fed. Cir. 1994).

---

[22] Compl. – ECF No. 1 at 2, 9 (¶ 6, 25).

[23] *Id.* at 2 (¶ 6).

Second, the plaintiff has adequately described the steps it took in efforts to locate and identify the Doe defendants. It sent letters to the listed sellers of the products.[24] It asked Amazon for information about the accounts selling the allegedly infringing products.[25] Amazon provided it with the names — "Arsen and "Yeva" — and e-mail address — glasscup123@yeah.net — associated with the accounts selling allegedly infringing products.[26] Plaintiff's counsel sent three letters to the e-mail address associated with the account.[27] She received no response to the e-mails.[28] Plaintiff's counsel conducted various public records and online searches for people or organization that correlate to the names and e-mail address Amazon provided, to no avail.[29]

Third, the plaintiff pled the essential elements to state a claim for patent infringement. To state a claim for patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder." *Skyworks Solutions Inc. v. Kinetic Tech. Inc.*, No. C 14-0010-SI, 2014 WL 1339829, at *2 (N.D. Cal. 2014). The plaintiff alleges that the Doe defendants sell maternity garments that infringe its '852 and '216 patents, and that the Doe defendants do not have permission or a license to sell the infringing garments.[30] The plaintiff sufficiently asserted the essential elements and facts in support of its patent claim.

Fourth, the proposed Amazon subpoena demonstrates that the discovery is likely to lead to identifying information that will allow the plaintiffs to effect service on the Doe defendants. It is directed at the third-party website the Doe defendants use to sell the products and asks for, among other information, the names, addresses, and contact information associated with the seller offering the allegedly infringing products.

---

[24] Hoopes Decl. – ECF No. 8 at 2 (¶ 3).
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.* at 2–6 (¶¶ 5–34).
[30] Compl. – ECF No. 1 at 4, 9 (¶ 15, 26).

The court concludes, however, that the plaintiff's request for documents pertaining to any product that Amazon promotes as "Maternity Belly Bands"— rather than only the sellers specifically identified in Exhibits B and C to the proposed subpoena [31]— is overbroad. In addition, the request for documents pertaining to all transactions processed by Amazon exceeds the scope necessary for learning the identities of the Doe defendants.

Accordingly, the court limits discovery to the following request:

> All documents containing information sufficient to identify with specificity the sellers and manufacturers, if not the same individual/company, of the infringing products documented in Exhibits B and C to the attached Subpoena to Produce Documents, Information or Objects ("Subpoena"), including, but not limited to, their names, addresses, and contact information.

The identity information about the two accounts identified with specificity will allow the plaintiff to learn the identity of the account holders for service.

The court denies the plaintiff's request to serve a subpoena requesting additional information about "all additional sellers and manufacturers of the infringing products that Amazon promotes as 'Maternity Belly Bands' that are not manufactured by Ingrid & Isabel" and "all documents reflecting any transactions processed by Amazon on behalf of sellers of the infringing products that Amazon promotes as 'Maternity Belly Bands.'" [32]

## CONCLUSION

The court grants in part and denies in part the plaintiff's ex parte motion for expedited discovery. The court allows limited early discovery. The proposed subpoena and request for production of documents on Amazon will be limited to the aforementioned documents.

1. **IT IS HEREBY ORDERED** that Ingrid & Isabel may immediately serve a Rule 45 subpoena on Amazon to obtain information to identify the sellers of the products documented in Exhibits B and C of the Proposed Subpoena (ECF No. 9 at 4–12), but is limited to only requesting:

> All documents containing information sufficient to identify with specificity the sellers and manufacturers, if not the same individual/company, of the infringing

---

[31] Subpoena – ECF No. 9 at 5–12.

[32] Subpoena – ECF No. 9 at 4.

ORDER – No. 18-cv-00408-LB 7

products documented in Exhibits B and C to the attached Subpoena to Produce Documents, Information or Objects ("Subpoena"), including, but not limited to, their names, addresses, and contact information.

The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that Amazon will have 30 days from the date of service upon them to serve the Doe defendants with a copy of the subpoena and a copy of this order. Amazon may serve the Doe defendants using any reasonable means, including written notice sent to their last known addresses, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that the Doe defendants will have 30 days from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the court that issued the subpoena. If that 30-day period lapses without the Doe defendant contesting the subpoena, Amazon will have 10 days to produce the information responsive to the subpoena to Ingrid & Isabel.

5. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. **IT IS FURTHER ORDERED** that Amazon shall confer with Ingrid & Isabel and shall not assess any charge in advance of providing the information requested in the subpoena. If Amazon elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by Amazon.

7. **IT IS FURTHER ORDERED** that Ingrid & Isabel shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

8. **IT IS FURTHER ORDERED** that any information disclosed to Ingrid & Isabel in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Igrid & Isabel's rights as set forth in its complaint.

**IT IS SO ORDERED.**

Dated: February 8, 2018

_____
LAUREL BEELER
United States Magistrate Judge